**DI WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–71681.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Angela Y. Suh, Esquire, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Marion E. Guyton, Esquire, Oil, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Di Wu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying her motion to remand to seek adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we review for abuse of discretion the denial of a motion to remand, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

 Substantial evidence supports the IJ's adverse credibility finding that Wu's declaration and testimony conflict regarding when the government confiscated her home for violating China's family planning policy, and this inconsistency goes to the heart of her asylum claim. *See Chebchoub,* 257 F.3d at 1043. We lack jurisdiction to address Wu's unexhausted contention that translations problems may have caused the IJ to mis-understand when the government confiscated her home because this is a procedural error that the BIA could have remedied. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). Accordingly, Wu failed to establish eligibil-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ity for asylum. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (upholding adverse credibility finding where at least one of the IJ's identified grounds was supported by substantial evidence and went to the heart of petitioner's claim of persecution).

Because Wu failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Wu's CAT claim is based on the same evidence that the IJ found not credible, and Wu points to no other evidence that the IJ should have considered, her CAT claim also fails. *See id.* at 1157.

■ The BIA did not abuse its discretion in denying Wu's motion to remand because she failed to submit evidence of her marriage and its bona fides. *See* 8 C.F.R. § 1003.2(c)(1), (4); *see also Malhi,* 336 F.3d at 993–95 (upholding denial of motion to reopen where movant failed to make out prima facie case of bona fide marriage).

Finally, we deny Wu's request that we take judicial notice of recent congressional hearings, and deny her motion to supplement the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.